UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ERIC ALLEN | CIVIL ACTION NO. 12-2994-P |
| VERSUS | JUDGE WALTER |
| ROBERT RACHAL, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

Eric Allen ("Plaintiff") is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He filed this action claiming his civil rights were violated by prison officials. He names Robert Rachal, Pamula Hearns, Paula Millwee, Jerry W. Goodwin, James M. LeBlanc, Captain Savage, Sgt. Foy, Sgt. Fryer, and Captain Rawson as defendants. He claims he was denied adequate medical treatment, prison officials disclosed his HIV status, and he was placed on suicide watch in an unsanitary cell.

Plaintiff filed a motion for temporary restraining order and preliminary injunction (Doc. 17). He seeks to have the court restrain Defendants from using excessive force against him, retaliating against him, and illegally searching his cell. He also seeks to have the court restrain Defendants from issuing him false disciplinary reports in order to harass, threaten, and retaliate against him.

In support of his motion, Plaintiff claims that on May 28, 2013, Colonel Lonnie Nail and other officials violently assaulted him with a chemical agent. He claims he was taken out of his cell and beaten and placed into hiding. He claims he was forced to eat. He claims

he was refused medical treatment for his injuries. He claims he was assaulted in retaliation for filing a civil rights complaint in this court. He claims they told him to dismiss the complaint and he refused. He claims he has been harassed with cell searches, sexual harassment, and disclosure of his HIV status. He also claims he was transferred to a restricted tier in retaliation for not dismissing the complaint.

> Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:
>
> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints that

are capable of ready resolution through the ordinary litigation process that has now commenced. The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction. The allegations in this motion do not present a substantial likelihood of success on the merits. The issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the motion for temporary restraining order and preliminary injunction (Doc. 17) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 16th day of December, 2013.

                                                                          _____
                                                                          Mark L. Hornsby
                                                                          U.S. Magistrate Judge